## Commonwealth *v.* Lippert, Appellant.

Argued November 10, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Justin K. McCarthy,* with him *Gus Milides,* for appellant.

*Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE MANDERINO, November 26, 1973:

The appellant, Glenn J. Lippert, was found guilty by a jury of second degree murder. Post-trial motions were filed and denied. Appellant was sentenced to imprisonment for a period of not less than ten or more than twenty years.

Dorothy Lippert, the wife of the appellant, was found dead in her bed during the early morning of February 16, 1970. The cause of her death was asphyxiation by strangulation. Appellant and his wife, though separated, were spending a weekend together at her apartment at the time of her death. Appellant claims that the trial court erroneously admitted, over defense counsel's objection, the hearsay testimony of four prosecution witnesses. We agree with the appellant and reverse the judgment of sentence.

Four prosecution witnesses testified concerning declarations that the decedent had made to them on occasions prior to her death. These statements were hearsay and should not have been admitted into evidence. One of the witnesses was Helen Lucio, who worked with the decedent at the Mack Printing Company. She testified that during the latter part of 1969, the decedent said that she had been choked by her husband. Bernadette Greenleaf, who also worked at the Mack Printing Company, testified that sometime during the summer of 1969, she was told by the decedent that her husband had strangled and choked her. The other two witnesses who gave hearsay testimony were the appellant's stepchildren who lived with the decedent. Debora Cline testified that at the end of November or the beginning of December in 1969, the decedent said that she had been choked by the appellant until she passed out. She also testified that in the summer of 1968 or 1969 (she could not remember which) her mother had said that the appellant had strangled her. Frederick Cline testified that his mother told him that the appellant had choked her until she passed out. He was not sure when his mother made the remark.

Defense counsel objected to all of the above testimony. It is classic hearsay and should not have been admitted.

The prosecution agrees that the testimony by the above four witnesses was hearsay but claims that all of the statements were admissible as exceptions to the hearsay rule. We do not agree.

The prosecution argues that evidence of the prior relationship between the accused and the victim is relevant in a murder case. We agree, but the rule, upon which they rely, is a rule of relevancy, and does not mean that the evidence is necessarily competent. Evidence that is relevant is nonetheless inadmissible if it violates the hearsay rule or any exclusionary rule of

evidence. "All facts having rational probative value are admissible unless some specific rule forbids." It would be "an entire misconception" to say that "anything that has probative value is admissible." 1 J. Wigmore, EVIDENCE §10, at 293 (3d ed. 1940).

The prosecution, relying on 6 J. Wigmore, EVIDENCE §1772 (3d ed. 1940), also argues that the testimony of Helen Lucio and Bernadette Greenleaf, was admissible because the declarations of the decedent to which they testified were utterances forming a verbal part of an act. The argument is based on the fact that the decedent was speaking in a hoarse voice and was explaining her hoarseness in saying that the appellant had choked her. Utterances forming a verbal part of an act, however, must accompany *an act or conduct—not a condition.* Hoarseness of voice is not an act or conduct. Act or conduct denotes that which is done voluntarily by a person—not an existing condition over which the declarant has no control at the time of the utterance.

The prosecution also argues that the hearsay testimony constituted harmless error because there was a fifth witness who testified about a declaration of the decedent that her husband had choked her. The defense objected to the statements of the fifth witness at the trial, but have not raised any issue about that witness in this appeal. That fifth witness was a magistrate who testified that about five months before the decedent's death, the decedent had brought charges against the appellant. We cannot, however, conclude that the cumulative effect of the hearsay testimony given by four other witnesses was harmless. One witness's testimony may not have had the same persuasive effect upon the jury as the repetitious cumulative effect of five witnesses.

Judgment of sentence reversed and a new trial is awarded.

Mr. Chief Justice JONES dissents.