352 A.2d 1

COMMONWEALTH of Pennsylvania, Appellee,

v.

Leo Francis WALLOE, Appellant.

Supreme Court of Pennsylvania.

Submitted Nov. 18, 1975.

Decided Jan. 29, 1976.

Rehearing Denied March 6, 1976.

Ronald J. Brockington, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## ORDER

PER CURIAM:

Allocatur was improvidently granted.

Appeal dismissed.

NIX, J., filed a dissenting opinion in which ROBERTS, J., joins.

MANDERINO, J., filed a dissenting opinion in which ROBERTS, J., joins.

NIX, Justice (dissenting).

In the instant case appellant claims the lower court erred in allowing into evidence a police officer's testimony that after appellant was arrested, he requested the opportunity to confer with counsel. After our decisions in *Commonwealth v. Stafford*, 450 Pa. 252, 299 A.2d 590 (1973), and *Commonwealth v. Haideman*, 449 Pa. 367, 290 A.2d 765 (1972), it is unquestionable that this constitutes reversible error if appellant's claim is properly preserved for appellate review. I dissent from the Court's per curiam order because I believe the issue was properly preserved for our consideration.

At trial, during the course of the Assistant District Attorney's direct examination, the following occurred:

"Q. Now, at the time, the moment you told the defendant that he was under arrest for robbery, what, if anything, did he say?

A. The defendant only stated—

MISS MARTIN: Objection, your Honor.

THE COURT: What is the basis of your objection?

MISS MARTIN: I'd like to know for what purpose the statement is being entered, your Honor.

THE COURT: I'll overrule your objection. It's part of the res gestae.

MISS MARTIN: I take exception to that.

BY MR. KOGAN:

Q. At the time you informed the defendant that he was under arrest for robbery, what, if anything did he say?

A. All he said was that he wanted to speak to his attorney."

Appellant's trial counsel, Ms. Martin, objected and, although it was not necessary,[1] took a specific exception to the trial judge's ruling. Her objection and subsequent question, "I'd like to know for what purpose the statement is being entered, your Honor," go precisely to the heart of appellant's claim. She was not objecting on the grounds of hearsay;[2] rather, asking the question which is the touchstone of an objection on the grounds of relevancy.

According to the leading evidentiary authorities, Wigmore and McCormick, the admissibility of a particular type of evidence depends upon its relevancy and probative value. Wigmore defines relevancy as, "None but facts having rational probative value are admissible." 1 Wigmore, Evidence § 9–10 at 289–95 (3rd ed. 1940). McCormick suggests the following for determining relevancy, ". . . [d]oes the evidence offered render the

1. According to Pennsylvania Rule of Criminal Procedure 1115(a): "Any ruling of the judge on an objection or motion made during the trial of any action or proceeding shall have the effect of a sealed exception in favor of the party adversely affected without the necessity of a formal request or notation made on the record."

2. The trial judge apparently construed the objection to be directed toward hearsay by ruling that the evidence was admissible as part of the res gestae, an exception to the hearsay rule.

desired inference more probable than it would be without the evidence? . . . Relevant evidence, then, is evidence that in some degree advances the inquiry, and thus has probative value, and is prima facie admissible." McCormick, Evidence § 185 at 437–438 (2nd ed. 1972). We have accepted these basic definitions. *Commonwealth v. Lippert*, 454 Pa. 381, 311 A.2d 586 (1973).

We have held that no inference of guilt may be drawn from an accused's assertion of a constitutional right. *Commonwealth v. Stafford, supra; Commonwealth v. Haideman, supra.* Therefore, it is clear that evidence that appellant sought to confer with counsel is not relevant on the issue of appellant's guilt or innocence. Consequently, I believe the instant objection on grounds of relevancy was sufficient to preserve appellant's claim for our consideration.[3]

Finally, under my understanding of the rules of evidence, appellant's counsel was not required to move for a mistrial after her proper objection was overruled. This situation is clearly distinct from those instances where such an objection is sustained. In the latter cases, counsel must move for a mistrial and thereby inform the court of the client's position that even though the court has sustained his objection, sufficient error remains to warrant a mistrial. In situations like the instant case, however, it would be futile to move for a mistrial after the trial judge has just overruled one's objection and admitted the complained of evidence. By overruling the objection the court has, in effect, ruled that the evidence is admissible and appropriate. Given this ruling it would be a vain act to make a perfunctory motion for a mistrial. In *Commonwealth v. Stafford, supra,* there is no indication that appellant made a motion for a mistrial after objecting to the prosecutor's closing remarks and

---

3. One could also object to the offer of such testimony on grounds that it is not admissible and, therefore, incompetent under our rulings noted in the text above.

yet we considered his claim. Therefore, I see no reason in precedent or logic to demand in the instant case that a futile perfunctory motion for a mistrial be made. Such a demand can only result in one more needless disruption of an orderly and efficient trial.

ROBERTS, J., joins in this dissent.

MANDERINO, Justice (dissenting).

I dissent from the Court's order dismissing this appeal as improvidently granted. In this case a police officer was permitted to testify *over the objection* of the appellant concerning a statement made by the appellant at the time he was arrested. The prosecuting attorney specifically asked the police officer at trial what, if anything, the appellant had said when he was informed that he was under arrest. The officer was permitted to testify that the appellant requested the assistance of counsel. Such testimony has been condemned by this Court. *See Commonwealth v. Haideman,* 449 Pa. 367, 290 A.2d 765 (1972); *Commonwealth v. Stafford,* 450 Pa. 252, 299 A. 2d 590 (1973).

The issue was properly preserved by the appellant when his objection was entered and overruled. Rule 1115(a) of the Pennsylvania Rules of Criminal Procedure provides that:

"Any ruling of the judge on an objection or motion made during the trial of any action or proceeding shall have the effect of a sealed exception in favor of the party adversely affected without the necessity of a formal request or notation made on the record."

The appellant was not required to move for a mistrial in order to preserve his rights.

Once a jury has been impaneled a defendant has the right to be tried by that jury and cannot be compelled to give up his right to be tried by the impaneled jury in order to prevent the erroneous omission of prejudicial evi-

dence. It cannot be said that a defendant *must* move for a mistrial or lose his rights when prejudicial evidence is erroneously omitted over the objection of the defendant.

Because reversible error was committed in this case and the appellant properly preserved his rights by a timely objection, the judgment of sentence should be reversed and a new trial granted.

ROBERTS, J., joins in this dissenting opinion.