526 A.2d 438

**COMMONWEALTH of Pennsylvania**

v.

**Larry Donnell GIBSON a/k/a Larry Donnell, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 22, 1987.

Filed May 27, 1987.

467

Michael Streily, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before BROSKY, DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

The Appellant was convicted of third degree murder in April of 1982. The victim was the Appellant's common law wife. Mr. Gibson's appeal was heard by a panel of this Court in 1984; that panel disposed of four issues raised by the Appellant but remanded the case for new counsel to represent Mr. Gibson in connection with his claim of ineffective assistance of counsel. (*Commonwealth v. Gibson*, 353 Pa.Super. 643, 506 A.2d 1336 (1985). That claim is before us now.

■ Mr. Gibson claims that his trial counsel should have objected to the hearsay testimony of the victim's sister, Nina Willis, who testified that the victim told her that the Appellant had beat her, and that she has seen bruises on her sister and other evidence of the beatings. Our review of the record, however, shows that the Appellant's counsel filed a Motion in Limine seeking to have testimony of family members about past violent acts of the defendant excluded. This Motion was argued before trial and the trial judge ruled against the Appellant. (N.T. p. 34). It was not necessary for trial counsel to renew her objection during the trial. This is analogous to the situation where proposed voir dire questions were specifically denied. A renewed objection at the conclusion of voir dire is not necessary. *Commonwealth v. Holland*, 298 Pa.Super. 289, 292 n. 3, 444 A.2d 1179, 1181 n. 3 (1982).

We find that the testimony of Nina Willis was admissible in any event. The Appellant argues that the testimony was speculative and about events too remote in time from the crime but we find these arguments to be without merit. Mrs. Willis testified that during the year 1980 her sister had reported beatings by the Appellant; Mrs. Willis also testified that she had seen bruises and cuts which resulted from the beatings. (N.T. 190–194). Her sister's death occurred in 1981.

■ The law is clear that evidence concerning the previous relations between a defendant and a homicide victim is relevant and admissible for the purpose of proving ill will, motive or malice. Evidence of prior occurrences in which

the accused threatened, assaulted, or quarrelled with the decedent may be admissible for this purpose. This principle applies when the decedent was the spouse of the accused. Thus evidence concerning the nature of the marital relationship is admissible for the purpose of proving ill will, motive or malice. This includes, in particular, evidence that the accused physically abused his or her spouse. *Commonwealth v. Ulatoski*, 472 Pa. 53, 61, 371 A.2d 186, 190 (1977) (citations omitted).

 Whether the evidence is of events too remote in time to be probative is a matter for the discretion of the trial judge, *Ulatoski*, 472 Pa. pp. 62–63, 371 A.2d pp. 191–192. We find no abuse of discretion in this case, since the events in question took place on a continuing basis from twelve to twenty-two months before the crime took place.

We find that there is no merit to the Appellant's claim of ineffective assistance of counsel, because trial counsel attempted to have the complained-of testimony excluded by means of a pre-trial motion. We also find that, even if counsel had not objected to the testimony of Mrs. Willis, there is no ineffectiveness because the evidence was properly admissible to show the state of mind of the accused. We therefore affirm judgment of sentence.

Judgment of sentence affirmed.