

1994 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-1994

# Dolenc v. Love

Precedential or Non-Precedential:

Docket 93-3625

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1994

Recommended Citation
"Dolenc v. Love" (1994). *1994 Decisions*. Paper 192.
http://digitalcommons.law.villanova.edu/thirdcircuit_1994/192

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1994 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 93-3625

_____

JOHN E. DOLENC, JR.

v.

WARDEN WILLIAM LOVE,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil No. 93-00862

Submitted Under Third Circuit LAR 34.1(a)
October 31, 1994

Before:  GREENBERG and McKEE, Circuit Judges
         and POLLAK[*] District Judge

(Filed: November 16, 1994)

                         JOHN E. DOLENC, Jr.
                         1600 Walters Mill Road
                         Somerset, PA  15510
                                 Appellee


                         THOMAS N. FARRELL
                         Office of District Attorney
                         401 Allegheny County Courthouse
                         Pittsburgh, PA  15219
                                 Attorney for Appellant

_____

[*] Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

———————————————

OPINION OF THE COURT

———————————————

POLLAK, District Judge.

In 1981 John E. Dolenc, Jr., was charged with killing his wife, Patricia Dolenc, in July of 1975. The case came on for trial before a jury in the Court of Common Pleas of Allegheny County, Pennsylvania. At the conclusion of the trial, the jury returned a verdict finding John Dolenc guilty of murder in the first degree. On September 21, 1981, Dolenc was sentenced to life imprisonment.

Since he was sentenced, Dolenc has challenged his conviction in the Pennsylvania courts both on direct appeal and by various collateral proceedings. In addition, Dolenc has filed a series of petitions for habeas corpus in the United States District Court for the Western District of Pennsylvania. All Dolenc's attempts to overturn his conviction have been unsuccessful.

Now before this court is an appeal by the Commonwealth[1] from Judge Standish's order of November 10, 1993, dismissing the fourth and most recent of Dolenc's federal habeas petitions. The fact that the Commonwealth -- not Dolenc -- is appealing the dismissal of the petition poses the jurisdictional question we now confront: Is the Commonwealth, in some legally cognizable sense, aggrieved by, and hence entitled to seek appellate review of, Judge Standish's order? To answer this question, we must look more closely at the order of dismissal.

Judge Standish's order adopted "as the opinion of the court" a report and recommendation filed by Magistrate Judge Sensenich, on October 13, 1993. That report and recommendation came to two conclusions of law:

First, the report and recommendation rejected the Commonwealth's submission that Dolenc's fourth habeas corpus petition challenging the same conviction constituted an abuse of the writ that precluded access to federal habeas corpus: Magistrate Judge Sensenich determined that the federal constitutional claims central to Dolenc's fourth habeas petition were rooted in a decision of the Pennsylvania Supreme Court,

[1]. The nominal appellant is Warden William Love, the official who, having custody of John Dolenc, was named as respondent in Dolenc's petition for habeas corpus. It is, however, the Commonwealth of Pennsylvania, rather than Warden Love, that is the actual adverse party in interest; for that reason, this opinion, when referring to appellant, speaks of "the Commonwealth."

Commonwealth v. Myers, 530 Pa. 396, 609 A.2d 162, which was handed down on May 22, 1992, "after petitioner's previous habeas petitions were dismissed," and therefore the claims "could neither have been presented nor addressed previously."

Second, the report and recommendation went on to conclude that the new constitutional claims had not been "'fairly presented'" to the Pennsylvania courts and, in consequence, Dolenc, not having exhausted available state remedies, was not yet in a position to present those claims to a federal district court.

The Commonwealth now seeks review of Judge Standish's order dismissing Dolenc's fourth federal petition for habeas corpus. On the face of it, the Commonwealth's posture as appellant is unusual: having prevailed in the district court, the Commonwealth would not seem to be so positioned as to be able to complain of the victory it won. The Commonwealth is not, however, complaining about the district court's order, which dismissed Dolenc's habeas petition. Rather, what the Commonwealth is really complaining about is Judge Standish's adoption of the opinion of Magistrate Judge Sensenich -- or, to be more precise, the first portion of that opinion: the ruling that Dolenc's fourth habeas petition was not an abuse of the writ precluding Dolenc from seeking federal habeas. The Commonwealth fears that the ruling is one which may return to haunt it if Dolenc, after unsuccessfully exhausting his state remedies,

returns to the district court to seek federal habeas for a fifth time. The Commonwealth anticipates that on such a renewed federal habeas application the Commonwealth's renewed abuse-of-the-writ plea would necessarily be overcome by a determination that Judge Standish's adoption of Magistrate Judge Sensenich's opinion has made rejection of the Commonwealth's abuse-of-the-writ contention law of the case.

If the Commonwealth is correct in its prediction that the opinion would operate as law of the case, the Commonwealth would appear to be on firm ground in contending that it has standing to appeal. This would be so because, although "[o]rdinarily, a prevailing party cannot appeal from a district court judgment in its favor," In re DES Litigation, 7 F.3d 20, 23 (2nd Cir. 1993), there are "exceptions to this rule," and "[o]ne exception arises when the prevailing party is aggrieved by the collateral estoppel effect of a district court's rulings." Ibid. But we think the Commonwealth has magnified the legal momentum of the portion of the magistrate judge's opinion, adopted as the opinion of the district court, to which it takes exception. We perceive no reason why Judge Standish would be precluded from re-examining the abuse-of-the-writ issue if Dolenc were again to petition for federal habeas. And, a fortiori, this court would not be bound to acquiesce in the magistrate judge's and district court's 1993 abuse-of-the-writ ruling if we were in the future

called on to review the district court's disposition of a fifth federal habeas petition.[2]

In sum, we hold that the Commonwealth, having failed to establish that the action of the district court will tie the Commonwealth's hands in any potential future phase of this litigation, is not aggrieved by the district court's order and hence is without standing to appeal.[3]  Accordingly, the appeal is dismissed for lack of jurisdiction.

---

[2].  In rejecting the Commonwealth's view that law-of-the-case would insulate the 1993 abuse-of-the-writ ruling from re-examination in the district court or here, we are not to be understood as intimating a view that the ruling was incorrect. Because we conclude that we lack jurisdiction to entertain the Commonwealth's appeal, we have no authority to consider the correctness of the ruling.

[3].  Burkett v. Cunningham, 826 F.2d 1208 (3rd Cir. 1987), is not to the contrary.  There we held that a district court's finding in an earlier habeas proceeding -- a "finding [that] was part of an order [of dismissal] which was not appealed by the state," id. at 1218 -- that delay in the state courts was so egregious as to excuse a federal habeas petitioner from exhausting state remedies, was "not open to collateral attack in this proceeding." Ibid.  One member of the Burkett court argued in partial dissent that the state could not have appealed from the prior dismissal. We rejected that view, but did so on a ground not present in the case at bar -- namely, that the order nominally dismissing the petition was, in effect, "a conditional grant of Burkett's writ." Id. at 1223 n.35.  Our rationale was as follows:

> The partial dissent suggests that Blair County could not have appealed the order. Post at 1230 n.5.  However, we believe that Blair County had standing to appeal.  First, it did not, in contrast to the appellant in Perez v. Ledesma, 401 U.S. 82, 87 n.3, 91 S. Ct. 674, 678 n.3, 27 L.Ed.2d 701 (1971), fully prevail as to all appealable aspects of the order.  The order dismissed Burkett's petition only conditionally -- "unless . . .

(..continued)

Blair County fails to . . . impose any appropriate sentence within sixty (60) days" -- and ordered Blair County "to act in accordance with this directive."  Second, the district court would have had no constitutional authority to enter such an order had no violation been at least impending.  On the other hand, a court must grant appropriate relief where an existing violation is found.  Indeed, having found a violation, there was nothing left to be decided in a new petition other than the remedy.  Unfortunately, however, the district court, instead of retaining jurisdiction, marked the case "closed."  (Obviously the district court did not conceive that the county, once warned, would not sentence Burkett within 60 days).  Under these circumstances, we read the less-than-pellucid order, together with the court's opinion, as a conditional grant of Burkett's writ.