

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-18-2002

# Hammock v. Vaughn

Precedential or Non-Precedential: Non-Precedential

Docket No. 98-1338

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Hammock v. Vaughn" (2002). *2002 Decisions.* Paper 582.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/582

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 98-1338
_____

RICHARD R. HAMMOCK

v.

DONALD VAUGHN; ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
DISTRICT ATTORNEY FOR PHILADELPHIA COUNTY,

Appellants

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 96-cv-03463)
District Judge:  The Honorable Jan E. DuBois

_____

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2002

BEFORE: NYGAARD, ROTH, and WEIS, Circuit Judges.

(Filed: September 18, 2002)

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

The Commonwealth of Pennsylvania appeals a decision of the District Court that dismissed Richard Hammock's habeas petition for failure to exhaust his state remedies. For the reasons stated below, we will dismiss the Commonwealth's appeal for lack of standing.

Generally, a prevailing party does not have standing to appeal. In *Dolenc v. Love*, 40 F.3d 656 (3d Cir. 1994), we discussed the application of this rule to an appeal by the Commonwealth from a District Court's order dismissing a federal habeas petition for failure to exhaust state remedies. The District Judge in *Dolenc* entered an order dismissing the petition for failure to exhaust, but in the accompanying opinion, made a finding that the fourth petition was not an abuse of the writ. Concerned over the effects of that finding, the Commonwealth appealed. We dismissed for lack of standing. We held that the Commonwealth lacked standing because they were not bound by the District Court's determination, nor were they precluded from raising the issue again in future litigation. Based on this holding, we determined that the Commonwealth was not aggrieved by the order.

Similar circumstances are present here. In this case, Judge DuBois entered an order dismissing the petition for failure to exhaust state remedies, but authorized Hammock to relate a subsequent federal petition back to the date of the current petition.

The Commonwealth, concerned with the effects of the order, filed an appeal, alleging that the decision to let Hammock relate back his petition aggrieved the Commonwealth.

We have dealt with this issue before in *Morris v. Horn*, 98-9003 (*Morris I*), and *Morris v. Horn*, 187 F.3d 333 (3d Cir. 1999)(*Morris II*). These cases were separate appeals by both parties from the District Court's order dismissing a petition for failure to exhaust state remedies. The order also included authorization for the petitioner, Morris, to relate back his subsequent federal petition under FED. R. CIV. P. 15(c). In *Morris I*, we entered an order dismissing the Commonwealth's appeal for lack of standing. In our precedential opinion in *Morris II*, we recited the order, where we noted that "the appellants have not been aggrieved by the order of the district court dismissing the petition for habeas corpus for failure to exhaust state remedies." *Morris II*, 187 F.3d at 339. Furthermore, we stated that "[w]hile...the provision in the order of dismissal permitting the petitioner, upon the completion of the state proceedings, to file an amended habeas corpus petition pursuant to FED.R.CIV.P. 15(c)(2) ultimately may prove detrimental to the appellants, it is speculative whether such an amended petition ever will be filed." *Id*.

The logic of *Dolenc* and *Morris I* apply to the instant case. We cannot speculative whether Hammock will return to federal court, but if he does return following the conclusion of his next state collateral petition, the Commonwealth is free to argue that the use of FED. R. CIV. P. 15(c) is impermissible. Finding nothing wrong with the rationale of our previous order in *Morris I*, we will dismiss this appeal for the same reasons.

3

Finally, the Commonwealth argues that the Supreme Court, in *Forney v. Apfel*, 524 U.S. 266 (1998), has implicitly overruled our holding in *Dolenc* and gave the Commonwealth standing to contest an outcome when they are aggrieved in part. Assuming, *arguendo*, that *Forney* alters the standing requirements, the Commonwealth must still demonstrate that they were aggrieved by the District Court's decision. In *Jones v. Morton*, 194 F.3d 153 (3d Cir. 1999), we precluded the use of the relation back doctrine for dismissals of habeas petitions without prejudice. We explained that "if a petition is dismissed for failure to exhaust state remedies, a subsequent petition filed after exhaustion is completed cannot be considered an amendment to the prior petition, but must be considered a new action." *Jones*, 194 F.3d at 160–61. Although we remain confident in the logic of our decisions in *Dolenc*, *Morris I & II*, the disposition of *Jones* further undercuts the Commonwealth's argument that their grievance creates standing.

For the reasons given, the appeal by the Commonwealth of Pennsylvania will be dismissed.

_____

4

TO THE CLERK:

Please file the foregoing opinion.

/s/Richard L. Nygaard
Circuit Judge

5