J-S14021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD DOUGLAS HOUSLER | : | |
| | : | |
| Appellant | : | No. 727 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 16, 2021
In the Court of Common Pleas of McKean County Criminal Division at
No(s):  CP-42-CR-0000326-2020

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:             **FILED:  January 6, 2023**

Richard Douglas Housler (Appellant) appeals from the judgment of sentence entered in the McKean County Court of Common Pleas of an aggregate term of seven days to six months' imprisonment.  Counsel for Appellant, Christopher J. Martini, Esquire, seeks permission to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (Pa. 1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[1]  The **Anders**

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Attorney Martini initially filed an **Anders** brief on February 22, 2022, which was stricken by this panel on July 18, 2022, for failure to file a contemporaneous petition to withdraw or a letter advising Appellant of his rights pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and for failing to comply with the procedures for withdrawal of counsel on the grounds of frivolity set forth in **Santiago**.  On October 23, 2022, after
*(Footnote Continued Next Page)*

brief presents evidentiary and sufficiency challenges. Based on the following, we find that counsel's **Anders** brief satisfies the requirements set forth in **Santiago**, **supra**. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

## I. Facts & Procedural History

On the early morning of May 17, 2020, Pennsylvania State Troopers Timothy Mix and Hunter Freer were on routine patrol in Smethport Borough when they observed a vehicle, being driving by Appellant, "cross the fog line and center line of the roadway." Trial Ct. Op., 9/10/21, at 3. They then stopped the vehicle and approached it.[2] An unidentified female was in the passenger seat. **Id.**

The troopers first observed that Appellant "was reluctant to roll his window all the way down; and, he was rocking and moving his hands." Trial Ct. Op. at 3 (quotation marks omitted). Appellant was also sweating, swaying back and forth, and slurring his speech. **See id.** At one point, Trooper Mix noticed the female passenger opened the center console, and he observed a

_____

receiving several extensions, Attorney Martini filed an application to withdraw as counsel and an amended **Anders** brief.

[2] The troopers also stopped Appellant because the temporary registration card sticker was displayed in the upper left, instead of the lower left, corner of the window. **See** N.T., 1/15/21, at 23. The entire interaction was recorded by the officers. **See id.** at 16-19. Trooper Mix mentioned that one of the microphones used to record the voices had died and therefore, there was no audio for some portions of the recording. **See id.** at 10.

pipe commonly used for smoking methamphetamine. *See* N.T., 1/15/21, at 8. Appellant appeared to be "very talkative," indicating that he was "under a lot of stress." Trial Ct. Op. at 3 (quotation marks omitted). The troopers asked Appellant about crossing the center and yellow lines, to which he responded that he had been "driving with his knees" because he had been fidgeting with his swollen hands. *See* N.T., 1/15/21, at 45; N.T., 1/26/21, at 4.

Appellant initially declined to perform field sobriety tests[3] but then changed his mind. While performing the tests, he was "observed to be swaying and his arms [were] going outwards on the walk and turn portion of the tests. He was confused and had great difficulty focusing on the task he was asked to perform, often going on to other topics and making unrelated comments." Trial Ct. Op. at 3. Appellant's actions and demeanor led Trooper Freer to believe that he was under the influence of a controlled substance and arrested him. *See* N.T., 1/15/21, at 36, 38. Appellant was asked to submit to a blood test, which he refused. *See id.* at 38. During transport, Trooper Freer noticed that Appellant "was in and out of consciousness[,] mumbling about things we were not asking him." *Id.* at 42. At one point during the

---

[3] Trooper Freer testified that Appellant "was defiant to step out" and "said something along the lines of 'If I'm not under arrest I'm not stepping out.'" N.T., 1/15/21, at 35.

- 3 -

interaction, when the trooper asked Appellant about his prior criminal history, Appellant said that "he was prone to criminal behavior." *Id.* at 43, 51.

The matter proceeded to a bench trial that began on January 15, 2021. Due to technical difficulties,[4] the case was continued to January 26th. On that date, the trial court found Appellant guilty of driving under the influence of a controlled substance (DUI) (impaired ability – 1st offense), location of registration permit, driving on roadways laned for traffic, and careless driving.[5] On June 16, 2021, the court sentenced Appellant to a term of seven days to six months' imprisonment as to the DUI offense. As for the remaining convictions, the court imposed statutory fines and costs. Appellant did not file post-sentence motions but did file a timely notice of appeal.

Following sentencing, Appellant's trial counsel[6] filed a motion to withdraw as counsel, which the court granted on June 25, 2021. The court also appointed Attorney Martini to represent Appellant. The court then ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b). After receiving an extension of time, Appellant filed a Rule 1925(b)

---

[4] The proceedings were conducted *via* video conference due to the COVID-19 pandemic.

[5] 75 Pa.C.S. §§ 3802(d)(2), 1310.1(c), 3309(1), and 3714(a), respectively.

[6] Sarah Dufresne, Esquire, represented Appellant at trial.

- 4 -

concise statement on August 9, 2021.[7]  The trial court issued a Pa.R.A.P. 1925(a) opinion on September 10, 2021.

## II.  Issues Raised on Appeal

Appellant now presents, via counsel's **Anders** brief, the following issues for our review:

(1)  "[W]hether the trial court abused its discretion in sustaining objections of the Commonwealth during Appellant's counsel's cross-examination wherein Appellant's counsel questioned the Commonwealth's witnesses regarding self-serving statements made by . . . Appellant[?]"

(2)  "Whether the Commonwealth presented sufficient evidence to prove that [Appellant] was guilty beyond a reasonable doubt of the charges filed by the Commonwealth[?]"

**Anders** Brief at 11, 14.[8]

## III.  *Anders* Petition to Withdraw & Brief

When, as here, Attorney Martini files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015).  An attorney seeking to withdraw from representation on appeal must:

_____

[7] In the concise statement, Appellant raised one issue — a sufficiency of the evidence issue.  Notably, Attorney Martini did not file a statement of intent to withdraw in lieu of filing a concise statement of errors complained of on appeal.  **See** Pa.R.A.P. 1925(c)(4).

[8] We have reordered theses issues based on the nature of the claims.

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). Pursuant to *Santiago*, an *Anders* brief must also:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, *quoting Santiago*, 978 A.2d at 361.

In the present case, Attorney Martini filed a petition for leave to withdraw on October 23, 2022, stating they had consciously reviewed the record and determined "the instant appeal is frivolous[.]" Attorney Martini's Petition for Leave to Withdraw, 10/23/22, at 2 (unpaginated). Moreover, counsel has provided this Court with a copy of the letter they sent to Appellant, advising him of his right to proceed with newly retained counsel or *pro se*, and to raise any additional points deemed worthy for this Court's attention. *See* Attorney Martini's Letter to Appellant, 10/22/22 at 1 (unpaginated). Attorney Martini also provided Appellant with a copy of the *Anders* brief and petition to withdraw. *See id.* at 1-2 (unpaginated). Appellant has not filed a response.

- 6 -

The ***Anders*** brief raises evidentiary and sufficiency challenges, as well as counsel's reasons why the issues would be wholly frivolous. ***See Anders*** Brief at 11-17. Accordingly, we determine Attorney Martini has complied with the technical requirements of ***Anders*** and ***Santiago***. ***See Cartrette***, 83 A.3d at 1032.

### IV. Arguments and Analysis

Having determined that Attorney Martini has satisfied the technical requirements of ***Anders*** and ***Santiago***, we now review the issues presented in the ***Anders*** brief and conduct an independent review of the record to discern if there are non-frivolous issues. ***See Commonwealth v. Ziegler***, 112 A.3d 656, 660 (Pa. Super. 2015). We conclude there are none.

Appellant first claims that the court erred by sustaining the Commonwealth's objections during his trial court's cross-examination of its "witnesses regarding self-serving statements made by" him. ***Anders*** Brief at 14.

Initially, we observe that this claim is waived because he did not include that specific issue in his court-ordered concise statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii) (issues not included in court-ordered statement are waived); ***see also Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998) (holding that where a trial court directs a defendant to file a Rule 1925(b) concise statement, any issues not raised in that statement shall be waived).

Second, Appellant does not specifically refer to where in the trial transcripts the statements at issue are located. We remind Appellant and counsel that it is not this Court's role to "develop an argument for [Appellant], nor will we scour the record to find evidence to support an argument[.]" *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007). Accordingly, the claim would be waived on this basis as well. Moreover, even if we were to address the argument, it would merit no relief.

By way of background, there were two instances of objections made by the Commonwealth on "self-serving statement" grounds with regard to both troopers. First, during the cross-examination of Trooper Mix, trial counsel asked if Appellant told the officer if he had been taking any medication. N.T., 1/15/21, at 24. The trooper responded that Appellant "said several different things" but that it was hard to understand because he was rambling. *Id.* The Commonwealth then objected, stating it was a "self-serving statement" of Appellant. *Id.* Trial counsel responded that Appellant's statements were going to "com[e] in either way[,]" meaning by the trooper or by Appellant taking the stand. *Id.* The trial court overruled the objections, finding: "The statements, it might be self-serving but the Court can factor that into the weight. There's already been testimony about what [Appellant] said. They have bearing on what occurred so I'm going to overrule the objection." *Id.*

Second, during the cross-examination of Trooper Freer, trial counsel asked him if Appellant made "any other statements regarding why his hands

were fidgety[.]" N.T., 1/15/21, at 51. The Commonwealth objected, arguing it was a "self-serving statement from [Appellant and he was] free to take the stand and testify[.]" *Id.* at 52. The trial court sustained the objection. Notably, Appellant did take the stand and testify that his fingers swelled up due to arthritis and a mental health condition. *See* N.T., 1/26/21, at 4-6.

We note while Appellant refers to multiple "witnesses"[9] in his issue, he was successful as to his objection concerning Trooper Mix. As such, that leaves us with the Trooper Freer objection. Generally speaking, "we may reverse a trial court's evidentiary rulings only if the trial court abused its discretion." *Commonwealth v. Benson*, 10 A.3d 1268, 1274 (Pa. Super. 2010). "Evidence that is relevant is nonetheless inadmissible if it violates the hearsay rule or any exclusionary rule of evidence." *Commonwealth v. Lippert,* 311 A.2d 586, 587 (Pa. 1973). "Hearsay is an out-of-court statement offered to prove the truth of the matter asserted[,]" and is inadmissible absent certain exceptions. *Commonwealth v. Puksar*, 740 A.2d 219, 225 (Pa. 1999).[10] The Pennsylvania Supreme Court has previously held that "[w]here a defendant seeks at trial to introduce his own statements made at the time of arrest to support his version of the facts, such testimony

---

[9] *Anders* Brief at 14.

[10] Hearsay statements lack "guarantees of trustworthiness fundamental to the Anglo-American system of jurisprudence." *Commonwealth v. Smith*, 681 A.2d 1288, 1290 (Pa. 1996) (citation omitted).

is clearly offensive to the hearsay rule." **Benson**, 10 A.3d at 1274-75, *quoting*

**Commonwealth v. Murphy**, 425 A.2d 352, 356 (Pa. 1981). **See also**

**Commonwealth v. Lewis**, 567 A.2d 1376, 1382 (Pa. 1989). As Attorney

Martini recognizes in the **Anders** brief, the issue is "frivolous"[11] because trial

counsel clearly sought to introduce Appellant's own out-of-court statements,

made to the trooper, to support his version of events, which violates the

hearsay rule. Thus, the trial court properly excluded this testimony. **See**

**Murphy**, **supra**.

Next, Appellant argues that there was insufficient evidence to support

his DUI conviction. **See** Anders Brief at 14-17.

It is well settled:

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

**Commonwealth v. Widmer**, 744 A.2d 745, 751 (Pa. 2000) (citations

omitted). Furthermore, "a conviction may be sustained wholly on

circumstantial evidence, and the trier of fact — while passing on the credibility

---

[11] **Anders** Brief at 14.

of the witnesses and the weight of the evidence — is free to believe all, part, or none of the evidence." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.*** (citation omitted).

Appellant was convicted of violating 75 Pa.C.S. § 3802(d)(2), which provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle" when "[t]he individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(d)(2). "This section does not require proof of a specific amount of a drug in the driver's system. It requires only proof that the driver was under the influence of a drug or combination of drugs to a degree that the ability to drive is impaired." ***Commonwealth v. Tarrach***, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted). "Expert testimony is not required" to support a guilty verdict. ***Id.*** (citation omitted).

A review of the trial testimony in the present matter reveals the following. The two investigating troopers initially observed Appellant's vehicle cross the fog and center lines several times. ***See*** N.T., 1/15/21, at 7. After stopping the car, Trooper Mix testified that Appellant "was reluctant to roll the window down entirely." ***Id.*** at 33. Trooper Mix asked Appellant to perform

two tests, the "Lack of Convergence Test" and the "Modified Romberg Balance Test," which he had to explain several times because Appellant did not understand them. *Id.* at 21, 27-28. During the tests, Appellant "rocked back and forth[,] constantly moving his hands[,] fidgeting." *Id.* at 6. He also had "eyelid tremors" and "very slurred speech [that] was very hard to understand." *Id.* at 21, 29. Trooper Mix stated that even though it was a "cool" morning, Appellant was "sweating profusely." *Id.* at 6. Trooper Mix also observed "a pipe that is commonly used for smoking methamphetamines" in the center console of Appellant's vehicle. *Id.* at 8.

Trooper Freer stated he asked Appellant to perform Standard Field Sobriety Tests, including the "Walk and Turn Test," but Appellant was initially "defiant to step out" of his car. N.T., 1/15/21, at 35. After further discussion, Appellant exited the vehicle. *Id.* The trooper indicated he had to instruct Appellant "multiple times" on how to complete the tests because "he struggled to comprehend[.]" *Id.* at 37. Additionally, in regard to the "Walk and Turn Test," Trooper Freer testified that when he told Appellant to picture "a straight line in front of him and place his left foot on that imaginary straight line[,] it took [Appellant] nine total seconds to figure out which foot was his left foot." *Id.* Moreover, Appellant "completely forgot how to do the rest of the test." *Id.* Trooper Freer provided the instructions again, and Appellant "re-attempted the test [but] still indicated . . . signs of impairment." *Id.* Appellant also refused to submit to a blood test. Trooper Freer testified that

during transport, Appellant was in and out of consciousness with his mouth still moving and mumbling. **See id.** at 42-43. Trooper Freer stated that Appellant admitted that he had been driving with his knees because he was fidgeting with his hands. **See id.** at 45. The trooper also noted that people under the influence of methamphetamines possess "the [in]ability to not move" and Appellant was asked multiple times "to hold still" but could not do so. **Id.** at 44. Lastly, both troopers testified that Appellant's actions and mannerisms led them to believe that he was under the influence. **See id.** at 9, 36.

Appellant also took the stand. He testified that on the night of his arrest, he "swerved over the yellow line" because he was driving with his knee and his "fingers were swelling up" due to arthritis. N.T., 1/26/21, at 4-5. He indicated he had several mental health conditions, including Tourette Syndrome and bipolar disorder, but was not taking his medications at the time of the incident. **Id.** at 6-7. Appellant indicated he has to "crack" his fingers when they swell up to relieve the pain. **Id.** at 6. He also averred his sweating was result of his bipolarism, and that he has "[u]ncontrollable muscle movement." **Id.** at 8, 11. He stated that during the "Walk and Turn Test," his toes started "swelling" and he "was just so frustrated [he] wanted to scream." **Id.** at 11. He testified that the officer asked him to perform the "Finger to Nose Test," but he did not have any recollection of the test. **Id.** at 12. He also alleged he was not able to complete either test because of his

"physical health." *Id.* at 12. Appellant admitted to weaving as he drove and that he knew about the glass pipe in his center console. *Id.* at 14. When asked for more information about how he came to possess the pipe, he testified that he found it on a sidewalk in a nearby town when he was dropping off a friend. *Id.* at 15. Appellant alleged he did not want "some child" to get it. *Id.* He said he was going to give the pipe to someone or throw it away. *See id.* Lastly, when asked about having difficulty with remembering the night, Appellant stated that he does not "handle high amounts of stress well [and he] get[s] flustered and frustrated and start[s] going all over the place and then it's just a downward spiral." *Id.* at 16.

The trial court provided an on-the-record rationale for finding Appellant guilty of DUI, which is summarized as follows. First, the court noted that Appellant had an explanation for his actions, including that (1) he was weaving because he was using his knees, (2) he was sweating because of a condition, and (3) he could not complete the field sobriety tests because of his physical health. *See* N.T., 1/26/21, at 22. Second, the court pointed out that the video recording of the investigation demonstrated that Appellant was swaying and moving around. *See id.* at 23. Third, the court credited the troopers' testimony, which it described as "clear evidence" of what transpired, and found Appellant not credible based on his lack of memory. *Id.*

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we agree with the trial court's determination that there

- 14 -

was sufficient evidence to establish that Appellant was under the influence of a controlled substance which impaired his ability to safely drive his vehicle pursuant to Section 3802(d)(2). Appellant does not dispute that he was swerving on the road and that he had a pipe commonly used for drugs in his car. There was also evidence of his impaired balance and incoherent speech, the failed field sobriety performances, and his lack of consciousness at certain points during this investigation. The court, sitting as the fact-finder, was free to accept the troopers' testimony concerning Appellant's impaired ability to drive safely and reject Appellant's justifications for his condition on the night of the incident. **See Miller**, 172 A.3d at 640. Accordingly, there was sufficient evidence to support his DUI conviction. Thus, we conclude that Appellant's second issue is also frivolous.

Lastly, our independent review of the record reveals no non-frivolous issues to be raised on appeal. **See Ziegler**, 112 A.3d at 660.

### IV. Conclusion

In sum, we agree with Attorney Martini that Appellant's desired issues are frivolous, and conclude the record reveals no other potential, non-frivolous issue for appeal. Accordingly, we grant Attorney Martini's petition to withdraw from representation and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/6/2023</u>