No. 88–5343.   FARMER *v.* SUMNER, DIRECTOR, NEVADA DEPARTMENT OF PRISONS.   Sup. Ct. Nev.   Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 231 (1976) (MARSHALL J., dissenting), I would grant the petition for certiorari and vacate the death sentence in this case.

Even if I did not hold these views, however, I would still grant this petition.   Petitioner's argument here is that evidence was admitted at the penalty phase of his trial in violation of *Booth* v. *Maryland,* 482 U. S. 496 (1987), where we held that the Eighth Amendment prohibits a capital sentencing jury from considering victim impact statement evidence.   This argument is hardly frivolous.   The prosecutor at petitioner's trial described at some length the devastating emotional impact upon the mother of the man petitioner killed.   He told the jury, among other things, that petitioner "shattered some other lives psychologically"; that the victim's mother has "repeated nightmares, crying, and I can see the crying for myself.   Extremely emotionally traumatic"; and that petitioner "[n]ever thought about the victims.   Never gave the families of the victims, a thought."   The Nevada Supreme Court, however, refused to consider the merits of this *Booth* claim.   It held that petitioner's claim was barred because he had not raised it below, and because this Court has given no indication that *Booth* operates retroactively.

I am unpersuaded by these arguments. The fact that petitioner did not raise a *Booth* claim below rather obviously reflects the fact that *Booth* had not been handed down at the time. Petitioner should not be penalized for not being prescient. As for the Nevada court's second ground for rejecting petitioner's appeal, I believe that the issue whether *Booth* should have retroactive operation very much warrants this Court's attention. The abusive use by the prosecutor in this case of references to victim impact — information we held in *Booth* to be thoroughly irrelevant in capital sentencing proceedings, see 482 U. S., at 502–509 provides a graphic illustration of the harm done by decisions, like the one below, allowing *Booth* to be applied only prospectively.