Michael ANTHONY, Petitioner,

v.

Steven CAMBRA, Warden, Respondent.

No. C 97–2232 FMS (PR).

United States District Court,
N.D. California.

Aug. 5, 1998.

Michael Anthony, petitioner pro se.

Sharon G. Birenbaum, San Francisco, CA, for respondent.

## ORDER DENYING MOTION TO FILE AMENDED PETITION AND REINSTATING ORDER TO SHOW CAUSE

FERN M. SMITH, District Judge.

Petitioner first filed a federal petition for a writ of habeas corpus on April 23, 1997. Because the petition contained both exhausted and unexhausted claims (only one of six claims was exhausted), it was dismissed without prejudice. *See Anthony v. Cambra,* No. C 97–1474 FMS (PR) (N.D.Cal. May 22, 1997) (order of dismissal). Petitioner then filed another petition on June 13, 1997 containing only his one exhausted claim. The court construed the petition as an amendment deleting the unexhausted claims and granted petitioner's motion to stay the petition to allow him an opportunity to exhaust his other five claims. Upon exhaustion of those claims, petitioner could move to further amend the petition to add the newly-exhausted claims. Petitioner accordingly exhausted his additional claims and now moves to file an amended petition adding to the stayed petition his newly-exhausted claims. Respondent opposes the motion arguing that the proposed amended petition would constitute an abuse of the writ.

In *Calderon v. United States Dist. Court (Taylor),* 134 F.3d 981, 986–88 (9th Cir.1998), the court of appeals held that a district court has discretion to (1) allow a prisoner to amend his petition for a writ of habeas corpus to delete unexhausted claims, and (2) stay or hold the amended petition in abeyance subject to further amendment reincorporating the deleted claims once they are exhausted in state court. It noted that further amendment to add or reincorporate the unexhausted claims once they are exhausted could be barred as an abuse of the writ, however. *See id.* at 988–99.

Because the petitioner in *Taylor* had not yet attempted to reamend his petition to include newly-exhausted claims, the court's statement on the applicability of the doctrine of abuse of the writ technically was "an observation and has no precedential effect." *See Calderon v. United States Dist. Court (Thomas),* 144 F.3d 618, 620–21 (9th Cir. 1998). This court finds that the *Taylor* court's "observation" nonetheless is persuasive: In *Rose v. Lundy,* "the Supreme Court explicitly warned habeas petitioners that, if they opted to amend rather than to take a dismissal, they 'risk[ed] forfeiting consideration of [their] unexhausted claims in federal court' under abuse-of-the-writ principles." *Taylor,* 134 F.3d at 988 (quoting *Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)). Petitioner's proposed amended petition adding newly-exhausted claims may be barred from federal review if his failure to assert the newly-exhausted claims in his prior, stayed petition constituted an abuse of the writ. *See id.* at 988–89.

Rule 9(b) of the Rules Governing Habeas Corpus Cases Under Section 2254 provides that a petition may be dismissed for abuse of the writ if it alleges new grounds and the failure to allege them in a prior petition was an abuse of the writ. There is no requirement that the prior petition have been determined on the merits. *See Farmer v. McDaniel,* 98 F.3d 1548, 1560 (9th Cir. 1996).

The abuse-of-the-writ doctrine examines petitioner's conduct. Until 1991, it was confined to instances of deliberate abandonment of a claim; unfortunately for petitioner, it now also applies to instances of inexcusable neglect. *See McCleskey v. Zant,* 499 U.S. 467, 489–93, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). The question now "is whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege" his claims in his prior, stayed petition.

*See id.* at 498, 111 S.Ct. 1454. In other words, did petitioner have a legitimate excuse for failing to raise his newly-exhausted claims earlier?

■ Respondent properly pleads abuse of the writ by noting, with clarity and particularity, petitioner's prior writ history, identifying the claims that appear for the first time, and alleging that petitioner abused the writ. *See id.* at 494, 111 S.Ct. 1454. Respondent specifically alleges that although petitioner's judgment of conviction became final in 1992, he waited until the last minute to attempt to exhaust his claims before his period of limitation expired on April 23, 1997. Not surprisingly, petitioner was unable to exhaust all of his claims before April 23, 1997 and elected to file a petition containing only his one exhausted claim. He obtained a stay of his petition and proceeded to exhaust his other five claims; however, he also assumed the risk of forfeiting consideration of those five claims unless he had a legitimate excuse for failing to exhaust and raise them earlier.

■ The burden to disprove abuse of the writ is now petitioner's. To excuse his failure to raise the claims earlier, he must show cause for failing to raise them and prejudice therefrom as those concepts have been defined in federal procedural default decisions. *See id.* If petitioner cannot show cause, his failure to raise the claims earlier may be excused if he can show that a fundamental miscarriage of justice would result from the failure to entertain the claims. *See id.* at 494–95, 111 S.Ct. 1454. To meet this burden, petitioner must make a colorable showing of factual innocence. *See id.* at 495, 111 S.Ct. 1454 (citing *Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986)).

■ Petitioner's position is simple: He could not exhaust his additional five claims in time to include them in his first petition and file it before a new limitation period expired on April 23, 1997. This does not constitute cause, however. The cause standard requires that petitioner show that some objective factor external to the defense impeded his efforts to construct or raise the claims. *See id.* at 493, 111 S.Ct. 1454. Objective factors that constitute cause include interference by officials that makes compliance with the state's rules impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to petitioner. *See id.* at 493–94, 111 S.Ct. 1454. Petitioner makes no such showing. There is no evidence that any one prevented petitioner from exhausting and presenting his claims earlier or that the claims are based on any new evidence or legal theory not reasonably available. Petitioner's own delay in exhausting and presenting his claims and his lack of knowledge of the law do not constitute cause. *See e.g., Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 909 (9th Cir.1986) (illiteracy of pro se petitioner not sufficient to meet cause standard).

Petitioner does not make a colorable showing of factual innocence to excuse his abuse of the writ either. Or put differently, he does not "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).[1] The newly-exhausted claims are barred by principles of abuse of the writ.

For the foregoing reasons, petitioner's motion to file an amended petition adding to the stayed petition his newly-exhausted five claims is DENIED. *See Bonin v. Calderon,* 59 F.3d 815, 845 (9th Cir.1995) (district court may deny motion to amend where amendment would be futile because it would be barred by abuse-of-the-writ principles). The stay on the prior petition containing one claim is lifted and the court's order to show cause filed on July 8, 1997 as to the one claim is reinstated as follows:

1. Respondent shall file with the court and serve on petitioner, within 30 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

---

1. *See, e.g., Carriger v. Stewart,* 132 F.3d 463, 478 (9th Cir.1997) (en banc) (court would consider merits of claims barred by doctrine of abuse of the writ if "[i]t is more likely than not that no reasonable juror hearing all of the now-available evidence would vote to convict [petitioner] beyond a reasonable doubt").

Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

2. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.